# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MAXIMO GOCHES ALARCON,

     Petitioner,

v.

                               Case No. 1:26-cv-00326-MIS-SCY

TODD BLANCHE, Acting Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARISA FLORES, Director, El Paso Field Office Immigration and Customs Enforcement; and GEORGE DEDOS, Acting Warden, Torrance County Detention Facility,

     Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Maximo Goches Alarcon's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 9, 2026. Respondents Todd Blanche, Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra ("Federal Respondents"),[1,2] filed a Response on March 5, 2026, ECF No. 9. Petitioner filed a Reply on March 11, 2026, ECF No. 10.

---

[1]    Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

[2]    The Court has substituted the names of the current occupants of Federal offices for those who are no longer serving in that capacity.

Petitioner is a citizen of Mexico who entered the country in 1996, has a pending application for asylum, and is not under a final order of removal. Pet. ¶¶ 11-12, ECF No. 1. Petitioner was arrested by ICE on January 9, 2026, and has remained in detention ever since. Id. ¶ 15; Notice at 1-2, ECF No. 12. Petitioner seeks immediate release or a bond hearing based on violations of 8 U.S.C. § 1226, the Administrative Procedures Act, and his Fifth Amendment rights. Id. at 11-14. Petitioner requests Respondents return him to Minnesota upon release. Id. at 14.

Respondents filed their response before the Tenth Circuit decided Santillan Quiroz v. Mullin, 180 F.4th 1226, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) and argue Petitioner is properly detained under 8 U.S.C. § 1225, making him ineligible for bond. Resp. at 11-16, ECF No. 9. Respondents argue that if 8 U.S.C. § 1226 applies, a bond hearing is the appropriate remedy. Id. at 17-18.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention and he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 9. Respondents must return Petitioner to Minnesota along with all of his personal property at a safe time and place communicated to Petitioner's counsel.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.  Petitioner Maximo Goches Alarcon's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner from detention, however he shall remain in temporary custody for the sole purpose of effectuating his transport back to Minnesota;

3.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4.  Respondents **SHALL NOT** impose any new condition of release;

5.  Respondents **SHALL** file a Notice of Compliance with this Order; and

6.  The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3